SMITH & RUMERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26402.   Promulgated November 17, 1930.

*Arthur J. Welch, Esq.*, and *Chester M. Foss, C. P. A.*, for the petitioner.

*P. M. Clark, Esq.*, for the respondent.

OPINION.

SMITH: Section 234 (a) (4) permits a corporation to deduct from gross income in its income-tax return "losses sustained during the taxable year and not compensated for by insurance or otherwise; unless, in order to clearly reflect the income, the loss should in the opinion of the Commissioner be accounted for as of a different period. * * * "

The petitioner in 1918 determined that certain stock which it had acquired in 1911 was worthless. It therefore charged it off its books of account and claimed the amount as a deduction from gross income in its income-tax return for 1918. This was disallowed by the respondent. The petitioner was advised of the disallowance in 1921. It was advised by its accountant in 1923 that under the then rulings of the Commissioner an investment in stock which became worthless was deductible from gross income in the year in which the worthlessness was determined. Inasmuch as its claim for a deduction for the loss had been disallowed for 1918, it claimed the deduction in its return for 1923. In its petition the taxpayer states that "if not a proper deduction of the year 1923, in what year should the loss be sustained?"

In response to a question as to what efforts, if any, were made to ascertain the worthlessness of the stock in 1918, the treasurer and general manager of the petitioner testified:

Why, at that time, during the year 1918, I suspected that the stock was of little value. Rather than take my own decision in the matter, I took it up with a broker who makes a specialty of State of Maine stocks and bonds, and I asked him to pass judgment upon this particular stock. He sent me a letter in October stating it had not paid dividends, and he would not consider it of any value. Further than that, I took it before my Board, rather than decide myself, and it was agreed by the Board "that the stock had little value, and they voted to charge it off."

Upon learning that the deduction claimed for 1918 had been disallowed by the respondent, the petitioner made efforts to sell it in 1921. In respect to a question why the treasurer and general manager had not made any sale of the stock since 1918, he replied:

Why, the stock is a local stock, unlisted, and we could not sell to anybody without examination, and on examination I doubt if anybody would have bought it, for it had not paid dividends. I tried one or two, in trying to sell it, but they discouraged me in trying to sell it. That was subsequent to the disallowance by the United States Government in 1921.

The taxing statute contemplates the deduction from gross income of losses "which are fixed by identifiable events, such as the sale of property * * * or cost of its destruction or physical injury * * *." *United States* v. *White Dental Mfg. Co.*, 274 U. S.

398. In the proceeding at bar, there is no identifiable event which fixes the loss of the petitioner's investment in the stock of the Consolidated Broken Stone & Gravel Co. in 1923. The evidence shows that the petitioner's debtor could not pay his debt in 1911, and the petitioner accepted the stock of the Gravel Co. as the best settlement that could be made. It is not clear that the stock had any substantial value in 1913. The Gravel Co. was never a profitable concern. Apparently it continued to operate in a small way even beyond 1923. But it almost continuously operated at a loss. The evidence indicates that the stock was worthless in 1918, if not prior thereto. There was no loss sustained in respect of the stock in 1923.

*Judgment will be entered for the respondent.*